## Enders v. Alpert

*Albert Lehrman*, for defendant.

*John McI. Smith* and *Wilhelm E. Shissler*, for additional defendant.

Fox, J., May 12, 1941.—In this case we have before us a motion to dismiss the action as to Clarence J. Shelley, additional defendant.

The case is one in trespass, damages being claimed for injuries sustained in an automobile collision.

The additional defendant in his motion to dismiss has assigned six reasons to sustain the same, which are substantially as hereinafter stated and considered.

The first two reasons may be taken together and in substance are that plaintiff's statement and defend-

ant's petition for leave to join the additional defendant are not verified in a manner as required by law.

Pa. R. C. P. 2252(*a*) provides as follows:

"After the defendant in an action has filed an answer in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him."

It is said in Goodrich-Amram Civil Practice, under rule 2252(*b*)-6:

"The petition to join an additional defendant must be verified in the same manner as a statement of claim filed by a plaintiff."

The complaint by the additional defendant, with respect to verification, is that the seal of the notary public does not conform to the provisions of the Act of May 6, 1931, P. L. 99, 57 PS §31, in that there are engraved thereon the arms of the Commonwealth of Pennsylvania. The Act of 1931, supra, provides:

"Every notary hereafter commissioned shall provide a public notarial seal, with which he or she shall authenticate all his or her acts, instruments and attestations, on which seal shall be engraved the name, surname, the words 'Notary Public', and location of the office of the notary using the same."

By the Act of June 1, 1933, P. L. 1150, 57 PS §31a, the legislature validated all of the acts, instruments, and attestations of notaries authenticated by a seal bearing the arms of this Commonwealth, and extended the power of a notary public to use such seal until his then commission expired. The seal used in the instant case for verification was one of the old seals and we notice that the time has long since passed for the expiration of the use of the then existing seal, the term of a notary public being four years; and the commis-

sion expiration date of the present notary public is 1945. No further extenuating or validating act has been passed. The legislature, by the validating part of the Act of 1933, supra, manifested the importance of the seal being as the legislature has prescribed it to be and strict compliance must be had with the legislative requirement regarding notarial seals. This has not been done in this case, which in our opinion seriously affects the verification of the petition and order to join the additional defendant.

3. In this reason it is averred that defendant's petition for leave to join the additional defendant does not aver as required by rule 2252 that Clarence J. Shelley is alone liable or liable over to defendant for the cause of action declared upon or jointly or severally liable therefor, and in paragraph 5 of the petition to join it is averred that, for the reasons set forth in the petition, Clarence J. Shelley "was only liable for any damages sustained by reason of the action hereinbefore set forth." This is not in compliance with rule 2252(a). Its meaning is not clear and we are of opinion it is in violation of the said rule.

4. The additional defendant in his brief suggests that we pass upon a question of fact, viz, "that if the defendant was negligent because of the speed at which he operated his car, then the original defendant is guilty of contributory negligence inasmuch as he operated his car at the same rate of speed. This being true the original defendant has failed to aver facts which establish a primary liability of Clarence J. Shelley, additional defendant."

We are of opinion that the questions of negligence and contributory negligence cannot be considered by the court in disposing of this motion.

The only ground for dismissal is a defect of form or substance in the petition or in the order of the court thereon; the rule does not require an answer to the motion: Booth v. Penna. R. R. Voluntary Relief Dept., 41 D. & C. 271.

5. This reason relates to the failure of the counsel for defendant to execute the waiver of a hearing on the petition until February 25, 1941, which was after the date on which the additional defendant was brought in. We cannot sustain this reason. The additional defendant was not a party to the suit and has no standing to raise the objection that the waiver by the parties of a hearing was after the additional defendant was brought in.

In the case of Dubin et al. v. Glendening et al., 38 D. & C. 391, 394, 395, it is said:

"In any event, at the stage of the proceedings now under discussion, prior to the signing of the requested order by the court, the additional defendant is not a party to the proceedings at all and, therefore, cannot be included in either of the two phrases quoted."

6. This reason relates to the copies of the papers served upon the additional defendant. From the several papers we have before us, to wit, defendant's answer, petition, and order, it appears that the same were not served upon the additional defendant in conformity with rule 2255, which provides, inter alia: "The service of a copy of the petition and order, certified by the Prothonotary or Clerk, and of copies of all other pleadings theretofore filed in the action shall be made upon the additional defendant within thirty days after the date of the order; otherwise the order shall be void, unless the time is extended or the order reinstated by the court on motion of the petitioner." They were not certified by the prothonotary or clerk; they do not show that the same had been signed and sworn to by defendant, and the petition and order were not signed by him or sworn to.

Wherefore we are of the opinion that reasons nos. 1, 2, 3, 6 in the motion to dismiss should be sustained and reasons 4 and 5 should not be sustained and the order of court dated February 17, 1941, should be revoked and the motion to dismiss should be sustained.

And now, May 12, 1941, upon due consideration, it is hereby ordered, adjudged, and decreed that the order of court dated February 17, 1941, bringing in the additional defendant is hereby revoked and the motion to dismiss the action against Clarence J. Shelley, the additional defendant, is sustained.